IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FEDERAL INSURANCE COMPANY, §
§
*Plaintiff*, §
§
v. §
§
CORAL CAY CONDOMINIUM COUNCIL §         Civil Action No. 5:19-cv-847
OF CO-OWNERS, INC.; ROBERT §
GLODEN; ROBERT LEHMAN; GARY §
OSBORNE; ARTHUR HENRY; RESORT §
GROUP, LTD LLC; WILLIAM BAUDER; §
and JUGGERNAUT INVESTMENTS, LLC §
d/b/a TWO90 CONSTRUCTION GROUP, §
§
*Defendants*. §

**PLAINTIFF FEDERAL INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Federal Insurance Company ("Federal") files this complaint for declaratory judgment against defendants Coral Cay Condominium Council of Co-Owners, Inc.; Robert Gloden; Robert Lehman; Gary Osborn; Arthur Henry; Resort Group, Ltd LLC; William Bauder; and Juggernaut Investments, LLC d/b/a two90 Construction Group, and respectfully shows:

**I.**
**NATURE OF THE SUIT**

1.      This is a declaratory judgment action arising out of a lawsuit Coral Cay Condominium Council of Co-Owners, Inc. ("Coral Cay") filed against Juggernaut Investments, LLC d/b/a two90 Construction Group ("Juggernaut") and the subsequent counterclaims and third-party claims Juggernaut asserted in that suit against Coral Cay; Robert Gloden; Robert Lehman; Gary Osborn; Arthur Henry; Resort Group, Ltd LLC ("Resort Group"); and William Bauder. Federal seeks a declaration of its legal rights and obligations pursuant to a liability policy Federal issued to its named insured, Coral Cay, with respect to allegations made in Juggernaut's

counterclaim and third-party claim in the underlying lawsuit. Specifically, Federal seeks a declaration that it has no duty to defend Coral Cay, Robert Gloden, Robert Lehman, Gary Osborn, Arthur Henry, Resort Group, William Bauder, or any other party in connection with the aforementioned counterclaim and third-party claim asserted by Juggernaut in the underlying lawsuit filed by Coral Cay.

## II.
## PARTIES

2.      Plaintiff Federal Insurance Company is a foreign insurance carrier organized under the laws of Indiana, with its principal place of business at 202B Halls Mill Road, Whitehouse Station, New Jersey 08889.

3.      Defendant Coral Cay is a Texas corporation with its principal place of business in Texas. Coral Cay may be served with process at its primary place of business, located at 1419 South Eleventh Street, Port Aransas, Texas 78373.

4.      Robert Gloden ("Gloden") is an individual residing in San Antonio, Texas and is a citizen of Texas. Gloden may be served with process at his residence, located at 13414 Vista Del Rey, San Antonio, Texas 78216.

5.      Robert Lehman ("Lehman") is an individual residing in San Antonio, Texas and is a citizen of Texas. Lehman may be served with process at his residence, located at 262 Wingate Avenue, San Antonio, Texas 78204.

6.      Gary Osborn ("Osborn") is an individual residing in New Braunfels, Texas and is a citizen of Texas. Osborn may be served with process at his residence, located at 36 Ridge Run, New Braunfels, Texas 78132.

7.     Resort Group is a limited liability company organized under the laws of Texas and may be served with process by serving its registered agent, William Hulse Wagner, at 1307 Pine Chase Drive, Houston, Texas 77055. Upon information and belief, the members of Resort Group are citizens of Texas.

8.     Arthur Henry ("Henry") is an individual residing in Victoria, Texas and is a citizen of Texas. Henry may be served with process at his residence, 210 Magdalena Drive, Victoria, Texas 77904.

9.     William Bauder ("Bauder") is an individual residing in Corpus Christi, Nueces County, Texas and is a citizen of Texas. Bauder may be served with process at his principal place of business, located at 13517 Bullion Court, Corpus Christi, Texas 78418.

10.     Juggernaut is a limited liability company organized under the laws of Texas and may be served with process by serving its registered agent, Robert Blankenship, at 2802 Flintrock Trace, Suite 212, Austin, Texas 78738. Upon information and belief, the members of Juggernaut are citizens of Texas.

### III.
### JURISDICTION AND VENUE

11.     The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) because at least one defendant resides in this judicial district, and all defendants are residents of the state of Texas.

**IV.**
**FACTS**

**A.     The Policy**

13.     Federal issued policy number 8235-9242 to Coral Cay for the policy period of December 23, 2017 to December 23, 2018 (the "Policy"). The Policy provides directors and officers ("D&O") liability coverage, subject to a $1,000,000 limit of liability for each covered claim and a $1,000,000 limit for each policy year. Coverage under the policy is also subject to a $5,000 deductible for indemnifiable loss. A true and correct copy of the Policy is attached hereto as Exhibit A, and is incorporated herein as through set forth verbatim.

**B.     The Underlying Lawsuit**

14.     On August 29, 2018, Coral Cay filed the underlying lawsuit against Juggernaut, styled *Coral Cay Condominium Council of Co-Owners, Inc. v. Juggernaut Investments, LLC d/b/a Two90 Construction Group*, Cause No. 2018CCV-61556-2, in County Court at Law No. 2 of Nueces County, Texas (the "Underlying Lawsuit"). On October 5, 2018, along with its answer to the suit, Juggernaut filed a counterclaim against Coral Cay (the "Counterclaim") and Third-Party Plaintiff's Original Petition (the "Third-Party Petition").

15.     Juggernaut's Third-Party Petition asserts claims against the alleged president of Coral Cay's board of directors, Gloden; additional board members Lehman, Osborn, Henry, and any unknown members of Coral Cay's board of directors from August 2017 to the present (collectively, the "Board"); Coral Cay's alleged property manager, Resort Group; and Bauder, Resort Group's owner who allegedly acts on its behalf as Coral Cay's property manager. A true and correct copy of Juggernaut's live pleading, its Original Answer, Rule 91a Motion to Dismiss, Counterclaim and Third-Party Plaintiff's Original Petition, filed on October 5, 2018, is attached hereto as Exhibit B.

16.     Juggernaut's Third-Party Petition asserts causes of action for fraud, fraudulent inducement, gross negligence, tortious interference, and defamation against the Board, Resort Group, and Bauder. Juggernaut's Counterclaim incorporates by reference all factual allegations asserted in the Third-Party Petition, asserting the same causes of action against Coral Cay, and including an additional cause of action for breach of contract.

17.     According to allegations in the Third-Party Petition and Counterclaim, two buildings in the Coral Cay condominium complex (the "Complex"), located in Port Aransas, Texas, were damaged when Hurricane Harvey made landfall in the area on August 25, 2017. In particular, the buildings' roofs and interiors were damaged or destroyed by "wind driven rain and salt water."[1]

18.     Juggernaut alleges that it entered into a contract with Coral Cay on April 20, 2018 that required Juggernaut to reconstruct the interiors of the damaged condominium units (the "Contract"). However, Juggernaut contends that Coral Cay, the Board, Resort Group, and Bauder (collectively, "Coral Cay Defendants") misallocated insurance proceeds Coral Cay received from the Texas Windstorm Insurance Agency ("TWIA"). Juggernaut alleges that the Coral Cay Defendants paid the bulk of the TWIA funds to demolition, roofing, and remediation contractors that performed poor quality work on the building.

19.     Moreover, the Counterclaim and Third-Party Petition allege that inspections revealed toxic mold contamination in the buildings, as well as asbestos that had been disturbed by demolition crews. Juggernaut alleges that unlicensed remediation contractors received disproportionate payments from the TWIA funds, despite performing improper and incomplete

---

[1]     *See* Exhibit B, Juggernaut, LLC's Original Answer, Rule 91a Motion to Dismiss, Counterclaim and Third-Party Plaintiff's Original Petition, at pg. 6.

remediation of the asbestos and toxic mold. Juggernaut contends that the inadequate asbestos and mold remediation failed to comply with federal standards, leaving disturbed asbestos in the buildings and presenting a hazard to both homeowners and other contractors working on the Complex.

20.     Inspections allegedly revealed both hazardous mold and disturbed asbestos remaining in the buildings. Nevertheless, the Board, Resort Group, and Bauder allegedly knowingly exposed numerous persons, including two of Juggernaut's owners, to airborne asbestos, mold, and other hazardous substances. The Coral Cay Defendants also allegedly refused to remediate these hazards when Juggernaut demanded that the Coral Cay Defendants do so.

21.     The Counterclaim and Third-Party Petition allege that, instead, the Coral Cay Defendants demanded that Juggernaut immediately commence work in the buildings. When Juggernaut refused to work in the buildings until the asbestos and mold were completely and properly remediated, Coral Cay allegedly terminated the Contract. The Coral Cay Defendants also allegedly made defamatory statements to the condominium owners about Juggernaut's failure to perform under the Contract.

22.     Juggernaut's Counterclaim and Third-Party Petition seek to recover actual and consequential damages, including Juggernaut's alleged lost profit on the Contract, overhead, fees for permits, costs of equipment and materials, and costs of labor Juggernaut contends it incurred in preparing to perform the Contract work. Juggernaut also seeks damages for present and future medical expenses and an award of punitive damages and recovery of its attorneys' fees, based on allegations that Coral Cay Defendants acted with gross negligence.

**C.     Federal Has No Duty to Defend against Uncovered Allegations**

23.     The Policy states that Federal has a duty to defend any "Claim" covered by the

D&O liability coverage section seeking pecuniary or non-pecuniary relief.

24.     Because of allegations in Juggernaut's Counterclaim and Third-Party Petition, however, neither constitutes a "Claim" covered by the D&O liability coverage section of the Policy.  Several exclusions apply to preclude coverage under the Policy for all allegations asserted and damages sought by Juggernaut in its Counterclaim and Third-Party Petition in the Underlying Lawsuit. Accordingly, Federal has no duty under the Policy to defend Coral Cay, the Board, Resort Group, Bauder, or any other person or entity in the Underlying Lawsuit.

   **i.     Exclusion (D)(3) applies to preclude coverage for the Counterclaim and Third-Party Petition.**

25.     Exclusion (D)(3) of the Policy bars coverage for any "Loss," including defense costs, on account of a "Claim" that is, even in part, directly or indirectly related in any manner to certain "Specified Perils." The exclusion, as modified by endorsement, states:

> (D)     [Federal] shall not be liable for **Loss** on account of any **Claim** where all or part of such **Claim** is directly or indirectly based upon, arising from, in consequence of, or in any manner related to any:
>
> \*\*\*
>
> (3)     **Construction Defect** or **Specified Peril**, provided this Exclusion D (3) shall not apply to **Defense Costs** for that part of any **Claim** alleging failure of the **Insured** to effect and maintain insurance in connection with a **Specified Peril**.

26.     The Policy defines a "Claim," in relevant part, as a "civil proceeding commenced by the service of a complaint or similar pleading; … against an **Insured** for a **Wrongful Act**, including any appeal therefrom." Here, Juggernaut commenced civil proceedings against the Coral Cay Defendants by service of the Counterclaim and Third-Party Petition. Juggernaut's Counterclaim and Third-Party Petition therefore each constitute a "Claim" as defined in the Policy.

27.     The Policy defines "Specified Peril," in relevant part, as:

> … flood, surface water, waves, tidal water, overflow of a body of water or spray from any of these, even if driven by wind; … mold contamination, including but not limited to any fungi, mildew, … or dust or spores resulting from any of these, from any source; hail; … or wind.

28.     The Counterclaim and Third-Party Petition allege that Coral Cay contracted Juggernaut to rebuild condominium units "destroyed by wind driven rain and salt water" during Hurricane Harvey. The pleadings also allege that Coral Cay breached the Contract by terminating it for Juggernaut's refusal to begin work until mold contamination in the buildings was properly remediated. Juggernaut's Contract to rebuild the Complex was in consequence of a "Specified Peril," i.e., the flood, waves, tidal water, spray, or overflow from a body of salt water that allegedly destroyed the condominium units. Likewise, the mold contamination that allegedly prevented Juggernaut from performing under the Contract constitutes a "Specified Peril" as defined in the Policy.

29.     All or part of the allegations asserted in the Counterclaim and Third-Party Petition are directly or indirectly based upon, arising from, in consequence of, or are in some manner related to Juggernaut's Contract to repair damage to the Complex caused by a "Specified Peril." Both "Claims" are also, at least in part, directly or indirectly related in some manner to Juggernaut's allegations that it was unable to perform the Contract work due to mold contamination, another "Specified Peril," in the buildings.

30.     Because the Counterclaim and Third-Party Petition each constitute a "Claim" that is in some part, directly or indirectly, arising from or in some manner related to a "Specified Peril," exclusion (D)(3) bars coverage for all "Loss" on account of these "Claims." As amended by endorsement, the Policy defines "Loss," in relevant part, as "the total amount which any **Insured** becomes legally obligated to pay on account of any **Claim** made against any **Insured** for **Wrongful Acts** for which coverage applies, including, but not limited to, damages…, judgments, settlements, pre-judgment and post-judgment interest and **Defense Costs**." Accordingly, exclusion (D)(3) precludes coverage under the Policy for any damages, judgments, settlements, defense

costs, and interest on account of the Counterclaim and Third-Party Petition.

31.      The Policy provides that Federal has a duty to defend only a "Claim" that is covered by the D&O liability coverage section. Because neither the Counterclaim nor the Third-Party Petition is a "Claim" covered by the D&O liability coverage section, Federal has no duty to defend the Coral Cay Defendants or any other party in connection with the Third-Party Petition or Counterclaim.

**ii.      Exclusion (A)(5) in the Policy applies to bar coverage for the Counterclaim and Third-Party Petition.**

32.      The Policy also contains exclusion (A)(5), a "Pollutants" exclusion. This exclusion precludes coverage for "Loss," including defense costs, on account of any "Claim" directly or indirectly based upon, arising from, or in consequence of any "(i) actual, alleged or threatened discharge, release, escape or disposal" of "Pollutants" into or on real property; or (ii) direction or request that any insured "test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize" "Pollutants." The Policy, as amended by endorsement, defines "Pollutants" to include "asbestos or asbestos products."

33.      Juggernaut alleges that it was unable to commence work under the Contract because disturbed asbestos remained in the buildings, posing a threat to contractors and homeowners. The Coral Cay Defendants allegedly refused to complete proper asbestos remediation in compliance with federal law, left disturbed asbestos in the buildings, and refused Juggernaut's requests that they clean up or remove the asbestos prior to Juggernaut commencing work. Therefore, both the Counterclaim and Third-Party Petition are "Claims" directly or indirectly based upon, arising from, or in consequence of threatened discharge or release of asbestos into or onto real property, and Juggernaut's request that the Coral Cay Defendants clean up, remove, or neutralize the asbestos. Because "asbestos or asbestos products" constitute "Pollutants" as defined in the Policy,

exclusion (A)(5) precludes coverage for the allegations in the Counterclaim and Third-Party Petition.

34. Federal owes a duty to defend only a "Claim" that is covered by the D&O liability coverage section of the Policy. Because exclusion (A)(5) bars coverage for both "Claims" in the Underlying Lawsuit, Federal has no duty to defend the Coral Cay Defendants or any other party in connection with the Third-Party Petition or Counterclaim.

**D.    Federal Has No Duty to Indemnify for Uncovered Claims**

35. The Policy's insuring agreement states that Federal will pay on behalf of an insured all "Loss" the insured becomes obligated to pay on account of a "Claim" made against the insured for a "Wrongful Act." The Policy defines "Loss" as the total amount any insured becomes legally obligated to pay on account of a "Claim" to which coverage applies. "Loss" specifically includes, but is not limited to, damages, judgments, settlements, and defense costs.

36. Here, in addition to the absence of a defense obligation, Federal has no duty to indemnify the Coral Cay Defendants or any other party under the Policy. Exclusions (D)(3) and (A)(5) preclude coverage for any "Loss" on account of the "Claims," i.e., Juggernaut's Counterclaim and Third-Party Petition.

**i.    Federal has no duty to indemnify Coral Cay Defendants for "Loss" in the Counterclaim or Third-Party Petition because exclusion (D)(3) applies to bar coverage for the damages alleged.**

37. Exclusion (D)(3) of the Policy states that Federal shall not be liable for any "Loss," including defense costs, on account of a "Claim" if any part of the "Claim" is directly or indirectly based upon, arising from, in consequence of, or in any manner related to a "Specified Peril."

38. As noted above, the Policy defines "Specified Peril" to include both "mold contamination" and "flood, surface water, waves, tidal water, overflow of a body of water or spray

10

from any of these, even if driven by wind; … or wind."

39.     The Counterclaim and Third-Party Petition assert allegations arising from Juggernaut's Contract to rebuild condominium units "destroyed by wind driven rain and salt water" during Hurricane Harvey. The underlying pleadings further allege that Juggernaut was unable to commence its work under the Contract due to the Coral Cay Defendants' failure to complete remediation of mold in the buildings.

40.     Based on these allegations, at least some part of both the Counterclaim and Third-Party Petition is directly or indirectly based upon, arising from, in consequence of, or in any manner related to the "Specified Perils" of mold contamination and flood, overflow or spray from a saltwater body of water, and wind. Accordingly, exclusion (D)(3) applies and Federal has no obligation to indemnify the Coral Cay Defendants for any "Loss," including damages, judgments, settlements, or defense costs, on account of the Counterclaim or Third-Party Petition.

    **ii.      Federal has no duty to indemnify the Coral Cay Defendants because exclusion (A)(5) applies to bar coverage for the damages alleged.**

41.     As explained above, the Policy's exclusion (A)(5) applies to bar coverage for any "Loss" on account of any "Claim" directly or indirectly based upon, arising from, or in consequence of any alleged or threatened release or escape of "Pollutants" into or onto real property. This exclusion also applies to any "Claim" directly or indirectly involving any request that an insured clean up, remove, contain, or neutralize "Pollutants." The Policy defines "Pollutants" to include "asbestos or asbestos products."

42.     The Counterclaim and Third-Party Petition allege that Coral Cay improperly terminated the Contract because Juggernaut refused to commence work until asbestos remediation in the buildings was completed. Despite Juggernaut's requests that the Coral Cay Defendants adequately remediate the disturbed asbestos in the buildings in compliance with federal law, the

Coral Cay Defendants allegedly refused. The Counterclaim and Third-Party Petition further allege that the threat of a potential release or escape of disturbed asbestos left in the buildings posed a threat to both contractors and homeowners. Because both the Counterclaim and Third-Party Petition are based, directly or indirectly upon, arise from, or are in consequence of the threatened release or escape of asbestos, as well as Juggernaut's alleged requests that the Coral Cay Defendants clean up, remove, contain, or neutralize the asbestos, exclusion (A)(5) applies to these "Claims."

43.     Accordingly, coverage for all "Loss" on account of the Counterclaim and Third-Party Petition is precluded by exclusion (A)(5). Federal therefore has no obligation to indemnify the Coral Cay Defendants for any damages, judgment, or settlement of the underlying Counterclaim or Third-Party Petition.

**V.**
**CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

44.     Pursuant to 28 U.S.C. § 2201, Plaintiff Federal Insurance Company requests that this Court declare its coverage obligations, if any, under the Policy in relation to the underlying Counterclaim and Third-Party Petition.

45.     Federal seeks a declaration that it has no duty to defend Coral Cay, the Board, Resort Group, Bauder, or any other person or entity in connection with the Counterclaim and Third-Party Petition.

46.     Federal further seeks a declaration that it has no duty to indemnify Coral Cay, the Board, Resort Group, Bauder, or any other person or entity in connection with the Counterclaim and Third-Party Petition.

## VI.
## JURY DEMAND

47.     Federal asserts its rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues of fact, if any.

## VII.
## PRAYER

48.     THEREFORE, Federal Insurance Company prays that it be granted the following relief from this Court:

1.     A declaratory judgment that Federal has no duty to provide a defense to Coral Cay, the Board, Resort Group, Bauder, or any other persons or entities, including any of the Defendants hereto, under the Policy with regard to the Counterclaim and Third-Party Petition;

2.     A declaratory judgment that Federal has no duty to indemnify Coral Cay, the board, Resort Group, Bauder, or any other persons or entities, including any of the Defendants hereto, under the Policy with regard to the Counterclaim and Third-Party Petition;

3.     Costs of court; and

4.     All other and further relief, at law or in equity, to which Federal may be justly entitled.

Respectfully submitted,

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
Texas State Bar No. 00797732
Federal Bar No. 25915
COZEN O'CONNOR
LyondellBasell Tower
1221 McKinney Street, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Facsimile:  (832) 214-3905
E-mail: jziemianski@cozen.com

13

OF COUNSEL:

Vanessa D. Durante
Texas State Bar No. 24076361
Federal Bar No. 3372608
(address, phone and fax as above)
E-mail: vdurante@cozen.com

ATTORNEYS FOR PLAINTIFF,
FEDERAL INSURANCE COMPANY